IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GABRIEL URIBE-BAUTISTA, | No. CR 13-0002 RS |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I.  INTRODUCTION

In this federal habeas corpus action filed pursuant to 28 U.S.C. § 2255, *pro se* petitioner Gabriel Uribe-Bautista moves to set aside, vacate, or correct his sentence.  He also requests an evidentiary hearing.  Respondent is ordered to show cause as to why this petition should not be granted.

## II.  BACKGROUND

In April 2013, Uribe-Bautista pled guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  On

July 9, 2013, he was sentenced to two prison terms of 121 months, to be served concurrently, followed by five years of supervised release.

Uribe-Bautisa now moves to set aside, vacate, or correct his sentence pursuant to 28 U.S.C. § 2255. Under this section, the federal court who sentenced the petitioner is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the court finds that relief is warranted under Section 2255, it must vacate and set the judgment aside and then either "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999) (quoting 28 U.S.C. § 2255).

Uribte-Bautista contends his attorney rendered ineffective assistance, thereby violating his Sixth Amendment right to counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner claims his counsel did numerous things that prejudiced the outcome of his case, some of which include (1) "luring" him into pleading guilty by misrepresenting that he would receive "no more than" five years imprisonment, (2) falsely telling him that if he requested copies of discovery, he would receive a sentence of more than thirty years imprisonment, (3) refusing petitioner's request to file various motions to suppress evidence that, according to petitioner, was obtained illegally, (4) failing to investigate the alleged violation of petitioner's Vienna Convention right to consular access, (5) refusing petitioner's request to file a motion to suppress certain statements he provided without first being read his *Miranda* rights, (6) intimidating petitioner by telling him "not to say anything to the court" about counsel's broken promises because if he did so, "he would receive a sentence of 30 years or more imprisonment for making the Judge upset," and (7) failing, despite petitioner's request, to file a timely notice of appeal. Liberally construed, and if assumed to be true, some of these claims appear cognizable for federal habeas review.

Uribe-Bautista also requests an evidentiary hearing to resolve the merits of his claim. Section 2255 requires that an evidentiary hearing be held unless the record conclusively reveals that

the petitioner is not entitled to relief. *See United States v. Mejia–Mesa*, 153 F.3d 925, 929 (9th Cir. 1998). Uribe-Bautista's motion for a hearing will be decided after respondent and petitioner have submitted all relevant motion papers described below.

### III. CONCLUSION

1. The Clerk shall serve by certified mail a copy of this order, the petition, and all attachments thereto, on respondent and respondent's counsel. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer showing cause as to why a writ of habeas corpus should not be granted based on petitioner's facially cognizable claim.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: 7/21/14

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE